And our final case for today is Harvest Aid v. Waxworks. Good morning, Your Honors. May it please the Court, A. Raymond Hamrick III for Appellants in this Harvest Aid litigation. This case on appeal presents a number of significant issues and anomalies that I think are of concern or should be of concern to this Court. It involves a copyright infringement case which involves some significant procedural issues as well as some substantive issues and evidentiary concerns that merit reversal. The first issue I want to talk about is the District Court's error in refusing to consider a motion for new trial on the substitution of new counsel when prior counsel had withdrawn from the case under exigent circumstances alleging a purported conflict of interest. The District Court ultimately denied the request for a new trial, not on the merits but on the procedural ground that there wasn't a proper meet and confer under Local Rule 7-3. The ruling itself failed to consider the exigent circumstances that occurred, the good faith efforts to meet and confer, and denied the appellants a proper consideration by the District Court of the potential errors in the underlying litigation. The facts of the record show that there was an attempt by counsel retained on a limited or special basis, Arthur Behrens, to meet and confer with plaintiff's counsel 12 days before the strict time frame under Rule 59 to bring a motion for a new trial. Then counsel for the appellants withdrew and made an ex parte application to withdraw which was granted by the court. New counsel, my firm, came in and we made an attempt to meet and confer within two days of our substitution into the case. We actually set a agreed upon time to do that conference with plaintiff's counsel when he gave us his availability which he failed to attend. So despite the efforts and good faith efforts and the exigent circumstances of that situation, the court refused to hear the motion for a new trial and instead denied it on procedural grounds. The circumstances here resulted in a miscarriage of justice because there are compelling issues in the underlying case that would have been important for resolution and consideration by the district court. So counsel, would we have to conclude that the district court abused its discretion? My position, Your Honor, is that the district court did not exercise any discretion and that under the law is an abuse of discretion. The district court, I thought, referenced diligence. You're disagreeing with whether you were diligent, but I thought the district court at least referenced one factor to consider, whether the parties had been diligent in complying with the local rule. I don't think that there's any discussion by the district court in making its decision under 7-3 of the exigent circumstances here. So they basically failed to consider the totality of the circumstances and instead favored strict procedural interpretation over substantial justice in this case. There was, I think this court has already commented in previous cases, that procedure should be had maiden of justice, not the arbiter of justice, and this is one of those classic examples where despite the good faith efforts to meet and confer, despite the exigent circumstances, despite the scheduled meet and confer with plaintiff's counsel, none of those issues were considered. In fact, the district court— Well, we don't know that they weren't considered. We know that they weren't explicitly discussed, but, I mean, we assume the district court knows the law, so shouldn't we assume that the district court did consider all of that? Well, I think the district court made an error in calculating the days of Mr. Barron's attempt to meet and confer and said it was six days before the timeframe to file the motion for a new trial. In fact, it was 12 days before. So I don't think that the evaluation was substantive and instead put procedure over the actual merits of a motion for a new trial, which was attempting to be brought in good faith by new counsel. So I think that that was error. I think that that's something that should be considered by this court in granting some relief, but the key issue here on appeal is a number of other infirmities that took place at the trial level. For example, one of the signature issues is the fact that plaintiff offered a purported lay witness testimony by a third party to establish that these DVDs were, in fact, counterfeited. And this lay testimony or purported lay testimony was, in truth and in fact, lay testimony disguised as expert testimony. And the individual, Mr. Shoner, used his technical expertise and knowledge to opine that these DVDs were, in fact, counterfeit. And there was no designation of an expert. There was no attempt to explain this anomaly other than the fact that his observations were purportedly lay observations. But his technical expertise and knowledge of the industry were used in evaluating and determining, giving his opinion that they were, in fact, counterfeit DVDs. And the fact of the matter is that plaintiff's counsel subsequently confirmed and admitted essentially the expert nature of this testimony when he submitted a cost bill that requested reimbursement of about $2,000 for this expert testimony. So that's a very problematic issue in this case because without the proper disclosure, this witness and his testimony should have been excluded. The other, one of the other signature problems in this case is that there was a complete anomaly in the testimony of Mr. Jackson. Mr. Jackson was the key witness in this case, and he testified that these were blind pallets, ten blind pallets that were purchased by him, and that he got them on a date certain, which was October 25th, that it took him three or four days to unload those pallets. And he had to inspect them, the DVDs on those pallets, to determine what he, in fact, received. However, in his testimony, he was presented with an email where he advertised this, I believe, DVD for sale, 5,000 units for sale on October 24th. One day before he clearly testified that he first received these pallets, and clearly before he had any time to inspect them. Presented with this issue, the plaintiff's counsel came up with a novel interpretation in closing arguments. Among other things, he argued that Mr. Jackson was a credible witness and believable, and then he came up with a story that he knows how to explain this anomaly, essentially, by saying that Mr. Jackson must have gone to the dock and inspected the DVDs on the 24th. There was no such evidence in the trial, and there was no evidence whatsoever that he had the opportunity to even access the dock. It was a sheer story by plaintiff's counsel, which prejudiced the finding of the jury. Did the same district court judge handle this throughout the entire case? Yes, Your Honor. Okay. I'm just wondering about whether we need to get into the merits of the motion for a new trial. What are you asking the court to do? We want this case to be remanded for a new trial based on the... So you are asking for relief on the merits of your new trial motion?  Okay. We're asking that the court... I don't think we can do that. I mean, I would think that you would be asking us to vacate or reverse the district court's order and remanding for the district court to consider the new trial motion in the first instance. That would be the first instance, Your Honor. I agree. Okay. So I understood your argument to be illustrative. You wanted to show us that there was real prejudice and harm here because you had a viable motion for a new trial that had not been passed upon. Right. But not that you wanted us to resolve the motion for a new trial. It seems that it has to go back. If we agreed with you that the denial of the motion under the local rule was an abuse of discretion or erroneous, that we wouldn't then, for the first time, consider the motion for a new trial. No, I'm not asking this court to decide on the motion for a new trial at this time. We believe it should be remanded for a decision by the district court. But the other issue here is that there was, for purposes of the record, I'm only asking that for the one defendant because there was no evidence whatsoever of any copyright infringement by Stephen, Paul, or SP producing. And those two entities should be dismissed because there was a total lack of any evidence whatsoever to demonstrate they were involved in any copyright infringement. That was an argument that was subject to a motion you made before the district court, and then the district court didn't reach the merits of that argument because of Rule 7.3 of the local rule? Correct. So, again, you were asking us to decide in the first instance whether those defendants should have been dismissed rather than remanding for the district court to consider it? Right, because there's a total lack of any evidence as to those defendants. It's a matter of the clear record. Now, the other issue here is that, just for purposes of setting forth some of the key issues, we had a motion for attorney's fees that was filed 134 days after the applicable time limit by plaintiff's counsel, in which ultimately the district court ruled that there was good cause, or let's put it this way, the finding was there was excusable net neglect in failing to make that motion timely. And the purported excuse by plaintiff's counsel was that he was unaware of the local rule 7-3 that required him to meet and confer seven days before, and he made no application to extend the statutory time frame. The problem with that argument by plaintiff's counsel is that four months before, he advocated in an opposition in the motion for mistrial that very rule which he claimed four months later he wasn't aware of. So I think the court should deny the motion, or the granting of the motion for the attorney's fees, and deny the award of attorney's fees as part of this ruling. The other thing that I want to raise is that the, well, you know, it's interesting because we have so many signature issues here, but because of the expert designation failure, I think as a matter of law, that could be reversed and should be reversed by the court, and that testimony disallowed because of the lack of expert designation. So as part of the, what I would suggest as part of the ruling here is to remand the case for consideration of the merits of the request for a new trial, but also to advise the district court of the exclusion of the expert witness testimony that was undisclosed. Any questions at this time? No, do you wish to reserve the remainder of your time?  Okay. I think I had five minutes I asked for. Yes. Thank you. Thank you. Still mourning for a couple more minutes. Good morning, Your Honors. Steven Doniger for the Cross Appellant, Appellee, Harvest Aid. I don't want to repeat what's in the brief. So if the court has any specific questions about any of the matters raised, I think we tried to address those as thoroughly and accurately as we could. And I'm certainly happy to address, you know, the merits of the case, although the courts indicated a lack of intent to get into it, which I think is probably warranted. The one thing I do want to say about my colleague's motion for a new trial and the court's application of Local Rule 7-3 is I just – again, this is in the briefing. But just to be clear, after trial, defense counsel made a motion for a new trial with no meeting and conferring, none. And the court said, no, I'm not going to consider that. If you want to refile this motion, have a proper meeting, reach out to the other side, meet and confer, and then come back to me. The motion that they're here asking this panel to find the district court wrongly rejected for failure to meet and confer is a motion that no counsel of record for defense sought to confer over until literally the day before it needed to be filed. Well, you're being technical and using the of record, right? Well, I'm not being technical because if you look at the rules, the other attorneys who reached out had no authority to file that motion. They had no authority to negotiate anything in the case. So that made your ignoring their request for a meet and confer excusable? I mean, it's not just excusable. If the court thinks that I'm wrong about this, I'm happy to hear why. But I think it actually would have been improper for me to engage in discussions with someone who's not counsel of record on the case, who's not even copying counsel of record on the case, when there's counsel of record on the case. Was there any explanation or communication that they were going to be substituting in or saying I represent? No. In fact, if I recall correctly, they had specifically said they were not going to be becoming counsel of record in the case. I'm like, I don't understand. I don't understand what this is. Did you tell them that? I'm not I don't recall the exact back and forth. I may I may well not have. I'm not in the habit of engaging in discussions on cases with attorneys who are not counsel of record in those cases. But the bottom line is that even my colleague, well, I shouldn't say the bottom line. You'll tell us what the bottom line is. But even my colleague, when he substituted in on the third, and if we're being contacted by other attorneys who aren't counsel of record, I don't understand why my colleague could not have reached out before being formally retained. But he became counsel of record on the third, didn't reach out until the seventh, the day before. And I think what we did in this case, I mean, I immediately said, no problem. We'll meet and confer. But we weren't the only parties. And the issues for a new trial involved Waxworks as well. And I think it was perfectly reasonable of us to say, I don't think that we should be conferring piecemeal over this because the motion for a new trial is going to involve all parties. Waxworks said they weren't available on the seventh, literally the same day they asked to confer. I said, no problem. And then Waxworks said we're not available until tomorrow, the eighth. And I said, all right, I think we need to wait for Waxworks and because this involves all parties. And at that point, there was nothing further from my colleagues, and they just proceeded to file their motion on the eighth without any further efforts to meet and confer. I don't think the record reflects gamesmanship on our part or a lack of cooperation on our part. I don't think that's varied. And regardless, this whole story, and I don't mean that pejoratively, but this whole story about a conflict of interest and a real issue with a prior counsel, we have nothing but conclusory statements about that. And from our perspective, from where we were sitting at the time, and even today, I see no reason why counsel of record for the defendants, regardless of which one, could not have reached out to us sooner. And I think that given the trial court's prior express, prior warning, the last time they filed a motion for a new trial, there was simply no excuse for this. So counsel that withdrew filed the original motion you're discussing?  So they leave. The defendant retains new counsel or attempts to. So I understood that counsel attempted to meet and confer, but then he did not end up becoming counsel of record. The motion to withdraw is granted. New counsel makes an appearance. Right. Wasn't there someone in the interim before, between the trial counsel and the counsel they ultimately retained? That's what we were discussing a moment ago. It was an attorney that had never expressed any, basically told us that he was not counsel of record. He wasn't going to become counsel of record. He, therefore, as I mentioned, had no authority to file a motion or negotiate anything in the case. But it seemed he was trying to help this defendant and start the process, at least have him meet and confer. There's a very tight window. The deadline for the motion for new trial is rigid. They weren't going to be able to get it extended. New counsel enters the case. They reach out to try to do a meet and confer. They schedule a time, and then you don't appear. I mean, your reason is because another defendant wasn't available. But it seems that you're arguing that they should be put in a position of, well, almost futility. And that what they did, we would have to conclude that they really weren't diligent. And so the district court properly weighed the equities and denied their motion without considering the merits. So I think that is correct. I think that when you look at the entirety of the record in this case, in October, shortly before the motion for new trial was due, we got this declaration that's very, very vague. Oh, there was a conflict that arose immediately after the trial. This is in June, and now we're talking in October. Immediately after trial, it became obvious to counsel he couldn't continue to represent the defendants, that he wasn't going to be able to take any further steps, that there was a conflict of interest. There's nothing as to why no one else substituted in. There's two points to make. First, there's nothing as to why no one else substituted in between June and October. Nothing about any efforts, nothing other than that they just sort of sat on their hands. The second issue is that between June and October, in fact, right after the trial, in fact, former counsel of record, the Leichter firm, filed a motion for a new trial, filed a subsequent declaration. The evidence that was before the trial court was actually inconsistent with this statement that prior counsel for defendants realized immediately after the trial that he couldn't take any other action and wasn't going to take any other action. It was entirely inconsistent with that. So given that, I think the court acted well within its discretion to say, you haven't justified why counsel of record in this case would wait until the day before a motion was filed to reach out. And I see that Mr. Doniger and Ms. Schultz, counsel for harvest aid, readily responded, saying, sure. And then Waxworks said they weren't available that day. They said, great, let's set something for tomorrow then when they're available. And then you just file the motion without anything? Like, that's not on anyone but the defendants. So they became counsel of record on October 3rd? Correct. The motion was due by October 8th?  So they didn't even have seven days. They couldn't comply with the local rule. So defendants could. Defendants knew counsel could not. And that's the thing. It's not like defendants were without competent counsel of record the entire time. And I think that's the distinction. Well, I thought you said there was counsel that you wouldn't speak to because they weren't counsel of record. Right. But defendants' counsel of record from trial in June remained counsel of record through. I see. He didn't substitute off until October. Exactly. He didn't substitute off. He didn't tell anyone that he wasn't able to do any work on the case. He didn't tell anyone that, hey, there's new counsel you should talk to. None of that happened. So from your perspective, he was still representing them when Barnes started to reach out? From the court's perspective and the record in this case, he was still representing them. Right? The law is clear that counsel of record remains obligated to act on the case unless and until they're no longer counsel of record. It's not like my colleagues were without or the defendants were without counsel of record. And it's hard for me to believe.  It's hard for me. Mr. Hamrick and I have worked together on other cases. Had he reached out to me seven days beforehand and said, hey, I'm in the process of getting retained. I'm not yet. We need to confer over this, just like I did the day he reached out, I would have said no problem. Any failure to undertake diligent efforts to meet and confer is simply not on anyone but defendants. A lot of this case revolves around the application of Rule 7-3. And honestly, I think the most interesting part of this case is really about the application of Rule 7-3. In the briefing that we submitted to the court, we put forth a number of district court opinions that really are sort of all over the place. You know, on how 7-3. That's because it's a discretionary rule. And it doesn't require that a motion be denied. It allows the court to consider a number of factors. And I guess my concern on this case is looking at what happened. There's not an explicit analysis of what actually went on. Or what the reasons were for the failure to meet the deadline. It seems obvious to me that the reasons were trying to get new counsel and get representation. And file the motion timely, consistent with the federal rules of civil procedure. So I think that's fair. I think it's fair to sort of look at that in the totality. And of course, you're completely correct. We come out of the gate in all of our briefing and we say we fully understand. You know, both on their appeal and on our appeal, we fully understand the court has broad discretion in awarding attorney's fees. I'm sorry, in deciding when to strictly apply Rule 7-3. The question is, what are the relevant factors that the court should be asserting? And that's why I kind of said a moment ago that I think it's the most interesting question in this case. Because there's really little to no guidance from this court on when courts should and shouldn't, how courts should apply those rules. And I think that when we look at what other courts have said in doing so, to the extent they've weighed these factors, one of them, of course, is this overarching desire to make sure the merits of the case are addressed. Well, we've said that the federal rules of civil procedure should be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits. And I don't think that the local rule is inconsistent with that. No, it's not. And in this case, the case was tried on the merits. In this case, there's a full trial. Right, but the merits of the new trial motion were not heard. So they weren't. And the decision as to whether and how to apply Rule 7-3 was made by the same trial judge who saw all of the evidence, who knew, was in the best position to evaluate whether or not there was actually anything here that would result in a miscarriage of justice if this motion were not addressed. So are you suggesting that the trial judge should employ Local Rule 7-3 in lieu of considering the merits? The district judge takes a pass and says, I don't think this has merits, so I'm just going to deny it because they didn't comply with the meet and confer. Well, I think it's a factor. I think a factor, as Judge Wardlaw had just indicated, is ensuring that the merits of the case are being properly addressed. And so if the court has seen all of the evidence throughout the trial, like has seen that the results of the trial – because the court on its own can say, I don't think there's evidence to support that jury's verdict. I mean the court can do a bunch of things. But if the court sees all the evidence, sees the verdict, says that seems right to me, I think as Judge Thomas said, that something is not explicitly discussed does not mean that it wasn't explicitly considered. And I think these are the relevant factors. And when we look at our motion, where we were seeking attorney's fees, and I think the circumstances explaining why there was not strict, strict compliance with the rule should be much more forgiving. But that's also a situation where our motion for attorney's fees was not – unlike the merits of the case that were properly addressed at trial, our motion for attorney's fees was not initially addressed on the merits. And when the court finally did get to it, it became clear that all of the factors on the merits actually supported an award of fees. So that's a situation where local rule 7-3, under Judge Wardlaw's totally appropriate – putting the microscope on ensuring that the merits of cases are properly addressed, that's a case where 7-3 should not have categorically prevented consideration of the merits of a motion, much more so than a new trial motion where the evidence of the trial was fairly addressed by the jury. So was the new trial motion fully briefed? Was the motion – did you even respond? We did. Was the reply, the whole thing was briefed? It was fully briefed. And then no argument, just the denial based on 7-3? That's correct. All right, so I see that I have three minutes and change left. Why don't I save that time, unless the court has any other questions? Do you have any further? No. I do. I know. Okay. No, I don't. Okay. Thank you. Two points here that I wanted to make to the court. First of all, the fact that Arthur Behrens was not admitted as a counsel does not bar his attempts to meet and confer under local rules. There is no requirement that the attorney actually be admitted, and in fact, what he stated in an email to Mr. Doniger, which is in the record of ER 1765, he said he's been retained by the defendants on a limited basis to file a motion for new trial. So he specifically advised Mr. Doniger of that fact, which Mr. Doniger did not even have the courtesy of replying to. Obviously, the signature issue here is whether there should be strict compliance with 7-3 when there's admittedly exigent circumstances going on with a conflicted counsel. We cited to the court in our briefs some of the factors that we were able to divine from other cases outside this jurisdiction, which dealt with similar local rules. And the three things that the courts have focused on is whether the party acted in bad faith. Well, this clearly was not an effort or attempt to act in bad faith because Behrens made an effort to meet and confer. We substituted, and we didn't even get the file for a couple days in full. And then we made an effort to meet and confer, which Mr. Doniger agreed specifically to participate in, which he went silent and rogue on with us. And then the second thing that the courts focused on, on this local rule. You're referring to that when he agreed, then he didn't show up? Yes. Yes, Your Honor. He agreed to, he gave us times when he would be available for a meet and confer. We had initiated the conference call, and he never participated without telling us why. So that was a problem. And then the second thing the courts focused on in interpreting similar local rules is whether there was an effort to make a good faith, whether there was a good faith effort to comply with the meet and confer with opposing counsel. Clearly, we have three factors here. Behrens tried. Counsel's conflicted. There was a good faith effort by my firm when we got involved, and none of those were successful. Basically, we were blown off by plaintiff's counsel, and he used that argument to frustrate our ability to bring a motion for a new trial. So we also, just for the edification here, not only was the motion for a new trial fully briefed, it was denied under 7-3 as the record reflects. We also filed a subsequent motion for reconsideration, arguing that it should be considered on the merits for the various reasons we're articulating here this morning, and that was denied. So we did everything we could, made every good faith effort to meet and confer, and the strict interpretation and the imposition of Rule 7-3 here precluded the merits or potential validity of our motion for a new trial to be decided by the district court. If there are any further questions, we would submit on the record. I think we're fine. Thank you, Counsel.  I do want to note that 1 ER20, the court specifically considered Mr. Barnes and noted that, and this is a quote from the court, district court, any attempts by Mr. Barnes to meet and confer with plaintiff's counsel regarding the instant motion were rightfully rejected, as he was never counsel of record for defendants. And that was after we had submitted the relevant authorities. So, again, you're just pressing on it. I don't buy it. The email said I was retained by them for a limited purpose. I want to meet and confer. I don't know whether being counsel of record has any significance at all. Retention on a limited scope basis is simply not a thing in federal court. You can't appear solely for a motion. What he was saying is I'm going to appear to meet and confer for the purposes of this motion. I don't know why you can't do that. An attorney, you're either attorney of record on a case or you're not. That's not true. That's simply not true. And I practiced litigation as a litigation partner at Albany and Myers for, oh, God, 16. Well, I was a partner the whole time. But 16 years in the litigation practice of Albany and Myers before I became a district court judge. And I can assure you, you can be retained on a limited basis for the purpose of doing this or the purpose of doing that. Okay. To my knowledge, that was not. So you really want to argue at the end of this thing that you had the right to disregard the reaching out by, was it Mr. Burroughs? Barnes.   Yeah. I was unaware of limited. Okay. That's your argument. Well, we heard it. Well, then I would like to just make sure that we haven't really addressed the attorney fee issue. No, you don't. No, now you're at 1 minute and 37 seconds over. So this session of the court is adjourned for today. Thank you. Thank you, Your Honor. All rise.
judges: WARDLAW, BADE, THOMAS